```
              THE UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                     WESTERN DIVISION


                                      CIVIL ACTION NO.: 3:14-cv-30006
DORINA STASIOWSKI                *
          Plaintiff              *
                                 *
VS.                              *  COMPLAINT
                                 *
LIBERTY MUTUAL ASSURANCE         *
COMPANY OF BOSTON                *
          Defendant              *
```

## I.  INTRODUCTION

Dorina Stasiowski is a disabled former employee of Massachusetts Mutual Financial. She was covered under a disability plan maintained by Liberty Mutual Life Assurance Company of Boston. She suffers from both psychological impairments and from physical limitations caused by her pain. That pain has been diagnosed by two rheumatologist and her primary care physician as resulting from fibromyalgia. These diagnoses were documented by specific findings of multiple tender points, in two cases demonstrating 18/18 tender points. The Defendant seeks review of the decision in this Court pursuant to the Employee Retirement Income Security Act (ERISA).

## II. PARTIES

1. Dorina Stasiowski is an individual who resides in Springfield, Massachusetts.

2. Liberty Mutual Assurance Company of Boston administers the long term disability plan which Plaintiff had available to her as part of her employer's benefit plan. Its home office is located

1

at 175 Berkeley St, Boston, MA 02117. It is ultimately controlled by Liberty Mutual Holding Co, Inc, an insurance holding company domiciled in the Commonwealth of Massachusetts.

### III.   JURISDICTION

3.   This action is brought before this Court pursuant to the Employee Retirement Income Security Act, 29 U.S.C. Section 1131(a)(1)(B). The plan is a qualified employees' disability plan within the meaning of 29 USC 1002(2)(A).

### IV.   FACTS

4. Ms. Stasiowski participated in an employment benefits plan provided by her employer, Mass Mutual Financial. The plan is a qualified employees' disability plan within the meaning of 29 USC 1002(2)(A).

5. Dorina Stasiowski was a customer service representative working for Mass Mutual Financial (under its predecessor name) for several years.

6.   On October 4, 2010, Plaintiff became unable to work. She was first approved for short term disability benefits until April 5, 2011.

7.   Since that date she became "disabled" under the terms of the long term disability plan provided to her by her employer.

8. Plaintiff was paid long term disability benefits under the "Mental Illness Limitation" in the benefit plan, under which payment "will not exceed 24 months of Monthly Benefit payments".

9. As of April 4, 2013, Defendant subjected Plaintiff to physical criteria to determine whether there was "any other" occupation for which she was qualified, that is-other than her own past occupation.

10. On January 7, 2013 Defendant sent Plaintiff Stasiowski a letter by first class postage advising her that :"in order to receive ongoing benefits, you provide proof of disability within a required timeframe. Your cooperation in providing the requested information is essential to our claims of investigation. We ask that you provide us with this information no later than 60 days from the date of this letter, by March 7, 2013, as required under the terms of your Policy".

11. On March 4, 2013, Plaintiff's claim for continued benefits was denied. In support thereof, Defendant noted there was full strength, normal gait, normal CT and PET scans, and states:"Imaging is age appropriate and does not reveal any concordant pathology that would be expected to be causing clinical functional deficits. From a PMR/Pain standpoint there is no impairment and no support for restrictions and limitations".

12. Plaintiff timely appealed that decision, under the rights accorded to by the plan, and required under federal law.

13. On May 20, 2013, Defendant mailed Ms. Stasiowski its final decision on her formal request for review. It determined that she was unable to perform her past occupation. It also relied on the opinion of Dr. Jamie L. Lewis.

14. There was "a discrepancy of medical records

mentioned in Dr. Lewis' physician peer review report". (September 10, 2013 letter).

15. Defendant "agreed to provide a new medical review as a courtesy and show of good faith, though not a new appeal period." (September 13, 2013 letter). Defendant allowed Plaintiff's former counsel to submit further information to be considered. After doing so, it sent the claim for peer review.

16. On September 10, 2013 it wrote to the Plaintiff, quoting the report of the peer reviewer, Dr. Jay Bender.

17. Dr. Bender indicated that: "In order to meet the criteria for fibromyalgia, the claimant needs to meet the 11 of 18 tender point sites. Nowhere in the medical evidence provided for review, was there any indication that the claimant met those tender point sites, thus the claimant does not meet the criteria for fibromyalgia". Dr. Bender further concluded: "There are no impairing diagnoses supported by the medical evidence. The claimant does not meet the criteria for fibromyalgia; therefore, she does not have any restrictions or limitations as of 4/4/13".

18. Defendant adopted these findings in their September 10, 2013 letter affirming the denial of the Plaintiff's LTD claim.

19. There are at least two different physicians in the record who made findings in the record demonstrating the presence of over 11/18 tender points.

20. There are at least three physicians, two of whom are in the appropriate specialty- rheumatology- who have

diagnosed fibromyalgia.

21. Fibromyalgia, by definition, is not subject to confirmation or evaluation by radiological or laboratory testing.

22. Instead, it is confirmed by <u>either</u>: 1) the presence of 11/18 tender points identified by the American College of Rheumatology (ACR) along with other features of the condition, including widespread pain for 3 months or more; or 2) the expanded criteria for diagnosis adopted by the ACR in 2010.

23. The 2010 criteria adopted by the ACR does not require confirmation by 11/18 tender points.

24. Relying on Dr. Bender's opinion in denying this claim was arbitrary and capricious.

25. Moreover, a finding of no supported restrictions and limitations contradicts the May 20, 2013, "final" appeal finding that the claimant is unable to perform her past work.

26. None of the peer reviewers with whom the Defendant consulted about the Plaintiff's condition ever examined the Plaintiff.

27. Plaintiff was approved for Social Security Disability benefits, having been found disabled back to October 4, 2010.

28. Defendant's long term disability plan does not limit claimants with physical limitations to two years or less with benefits.

29. That limitation applies to Plaintiff by virtue of the presence of her mental condition.

30. Plaintiff suffers from physical conditions as well, fibromyalgia and arthritis.

31. This claim is timely filed under limitation period for legal proceedings set forth in the policy.

### CLAIM: ERISA

32. Allegations 1-32 are incorporated as if they were fully set forth here.

33. Defendant improperly evaluated Fibromyalgia by utilizing requirements which were not diagnostic of that rheumatological disorder.

34. Plaintiff remained disabled due to her physical limitations, and was unable to perform "other work" under the provisions of the insurance policy set forth above continuously from October 4, 2010.

WHEREFORE, the Plaintiff respectfully requests that this Court issue the following relief:

1. Assume jurisdiction of this case; and
2. Find that Defendant has violated the relevant provisions of the ERISA by its actions in terminating benefits which the Plaintiff is legally entitled to receive; or
3. Remand this case for further proceedings to consider all of the medical evidence presented by the Plaintiff by appropriately evaluating her physical limitations resulting from fibromyalgia; and
4. Award Plaintiff attorney's fees pursuant to 29

U.S.C. § 1132(g)(1) and/or 42 U.S.C. §1988; and

5. Award such other relief as this Court finds just and proper.

                                        Respectfully submitted,
                                        DORINA STASIOWSKI,
                                        Plaintiff
                                        By her Attorney

Dated: January 8, 2014        /s/Ronald B. Eskin
                                        Ronald B. Eskin
                                        B.B.O. #:  549290
                                        Law Office of Ronald B. Eskin PC
                                        228 Central Street
                                        Lowell MA 01852
                                        Telephone: (978) 937-1600